IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROYAL P&O NEDLLOYD N.V., formerly known as P&O NEDLLOYD, LTD., | ) ) ) | CIV. NO. 05-00439 HG-BMK |
| | ) | ORDER DENYING BRAUN |
| Plaintiff, | ) ) | MANAGEMENT CO, LTD.'S MOTION FOR FEES AND COSTS |
| | ) | |
| vs. | ) | |
| | ) | |
| BRAUN MANAGEMENT CO., LTD.; 1183 PACKAGES OF NEW CALEDONIAN FROZEN SHRIMP, in rem; | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRAUN MANAGEMENT CO., LTD., | ) ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROYAL P&O NEDLLOYD N.V., formerly known as P&O NEDLLOYD, LTD., | ) ) ) | |
| | ) | |
| Counterclaim Defendant. | ) ) | |
| _____ | ) | |

ORDER DENYING BRAUN MANAGEMENT CO, LTD.'S
MOTION FOR FEES AND COSTS

Before the Court is Defendant and Counterclaim Plaintiff Braun

Management Co.'s motion titled "Request For Fees and Costs."  After careful

consideration of the motion and the supporting and opposing memoranda,

Plaintiff's motion is hereby DENIED.

FACTUAL BACKGROUND

In 2002, Blue Lagoon Farms ("Blue Lagoon"), a French corporation,

agreed to ship 1183 cases of frozen shrimp from New Caledonia, France, to

Defendant and Counterclaim Plaintiff Braun Management, Co. ("Braun"), a

Hawaii Corporation, in Kahului, Maui.  Plaintiff and Counterclaim Defendant

Royal P&O Nedlloyd, N.V. ("P&O") agreed to transport the shrimp and maintain

it at a certain temperature during transit.

When the shrimp arrived in Kahului, Braun refused to accept tender,

claiming that the shrimp appeared to have been thawed and re-frozen.  P&O

returned the shrimp to Honolulu at Braun's suggestion and placed the shrimp in

cold storage.  P&O claimed the shrimp was fit for consumption and sought to resell

it; Braun opposed these efforts.

On July 14, 2005, P&O filed an action against Blue Lagoon and

Braun requesting a declaratory judgment that Blue Lagoon and Braun had

2

abandoned their rights to the shrimp, contract damages, and storage costs.  Braun then filed a counterclaim against P&O seeking a judgment prohibiting sale or distribution of the frozen shrimp and other damages to be proved at trial.

P&O and Braun stipulated to dismiss all claims without prejudice on November 14, 2006, after P&O dumped the shrimp in a municipal waste facility. As part of this settlement, the parties agreed that Braun would submit to the Court the issue of whether it was entitled to costs and attorney's fees.

Braun has now submitted its fee request to the Court.  It seeks fees under Hawaii Revised Statute ("H.R.S.") § 607-14.5 and H.R.S. § 607-14.  In addition, Braun also seeks $1,171 in costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

## RELEVANT LAW

Under federal law, "[t]he prevailing party in an admiralty case is generally not entitled to an award of attorney's fees absent statutory authorization."  B.P. North Am. Trading Co. v. Panamax Nova, 784 F.2d 975, 976 (9th Cir. 1986);

Several Hawaii statutes authorize Hawaii state courts to award attorney's fees.  Under H.R.S. § 607-14.5, a court may award attorneys' fees and costs to a party where "all or a portion of the claims or defenses made by the

[opposing] party are frivolous and are not reasonably supported by the facts and the law in the civil action."  H.R.S. § 607-14.5.

Under H.R.S. § 607-14, the losing party must pay attorneys' fees to the prevailing party where the underlying action is based on a contract in writing that provides for the recovery of attorneys' fees.  H.R.S. § 607-14.

In addition, Rule 54(d) of the Federal Rules of Civil Procedure provides that prevailing parties shall be entitled to costs as a matter of course. Fed. R. Civ. P. 54(d).  The only costs allowed under Rule 54(d) are those that are taxable under 28 U.S.C. § 1920.  Yasui v. Maui Electric Co., 78 F.Supp.2d 1124, 1126 (D. Haw. 1999).

DISCUSSION

I.  ATTORNEY'S FEES

Braun seeks to recover attorney's fees under two Hawaii attorney's fees statutes, H.R.S. § 607-14 and H.R.S. § 607-14.5.  It is well settled that under federal maritime law, "[t]he prevailing party in an admiralty case is generally not entitled to an award of attorney's fees absent statutory authorization."  B.P. North Am. Trading Co. v. Panamax Nova, 784 F.2d 975, 976 (9th Cir. 1986); see also Louis v. Atlantis Submarines, Inc., No. 97-01194-SOM, 1999 WL 641793 (D. Haw. 1999) (stating that attorney's fees are not available in admiralty absent bad faith").

4

Whether this "statutory authorization" can be granted by a state attorney's fees statute, rather than a federal one, however, is "less than settled," Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc., No. 3:04-CV-00058-JWS, 2006 WL 1495296 (D. Alaska, May 25, 2006).  See, e.g. Am. Nat. Fire Ins. Co. V. Kenealy, 72 F.3d 264, 270 (2nd Cir. 1995) (not allowing attorney's fees to be recovered under a state statute in a marine insurance case); All Underwriters v. Weisberg, 222 F.3d 1309, 1315 (11th Cir. 2000) (allowing attorney's fees under a state statute in a marine insurance case).

The Ninth Circuit has not allowed attorney's fees based on state statutes in general contracts cases.  See Flores v. American Seafoods Co., 334 F.3d 904, 917 (9th Cir. 2003) (finding that where federal maritime law applied, rather than state law, no attorney's fees could be awarded under a state attorney's fees statute).  While the Ninth Circuit has allowed attorney's fees based on state statutes in the more specialized field of marine insurance, it has only been where one of the parties operated in bad faith.  See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 n.5 (9th Cir. 1998).

Here, where there has been no showing of bad faith, and where this is a standard maritime contract dispute and not a marine insurance case, the Court will

apply the Ninth's circuit's basic rule that a state statute cannot provide the basis for an award of attorney's fees in an admiralty case.

Braun contends that the Hawaii statutes are "made applicable by Section 24 of the Bill of Lading," (Mem. Supp. Mot. 1), which states that "[t]he Carrier shall be entitled to pursue any claim against its Merchant in London according to English Law or in any jurisdiction in which the Merchant has assets but then in accordance with the local law of that jurisdiction" (Mem. Supp. Mot. Ex. D., ¶ 24(2)).  Braun does not elaborate, however, on why this provision allows it to seek attorney's fees under Hawaii law.  Braun is not the "Carrier" in this contract, and so the provision itself gives Braun no particular rights.  While this provision presumably did authorize P&O's action against Braun, Braun has not shown that "the local law of that jurisdiction" refers to state law rather than United States federal maritime law.  Moreover, P&O never asserted any state law claims against P&O.  It contends that "jurisdiction" refers to the United States, not Hawaii, and Braun offers no proof to the contrary.  Braun is not entitled to recover attorney's fees from P&O under current Ninth Circuit law.

II. COSTS

Braun will also be unable to recover its costs under Rule 54(d) because the costs it seeks are not taxable costs allowed under 28 U.S.C. § 1920.  Braun

seeks costs only for faxes, postage, and transportation.  None of these fees are allowed under 28 U.S.C. § 1920.  <u>Yasui</u>, 78 F.Supp.2d at 1126.  Therefore, Braun cannot recover the  $1,171 it seeks in costs.

<u>CONCLUSION</u>

For the foregoing reasons, Braun's motion for attorney's fees and costs is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
 Dated: February 21, 2007

<u>Royal P&O Nedlloyd v. Braun Mgmt. Co.</u>; ORDER DENYING BRAUN MANAGEMENT CO, LTD.'S MOTION FOR FEES AND COSTS; CIV. NO. 05-00439 HG-BMK.